552

GUMERSINDO COLLAZO ET AL., Plaintiffs and Appellants, *v.* PUIG & ABRAHAM, Defendant and Appellee.

No. 10146.    Argued March 1, 1950.—Decided June 21, 1950.

*Víctor M. Bosch* for appellants.    *Damián Monserrat, Jr.,* and *Gabriel de la Haba* for appellee.

MR. CHIEF JUSTICE DE JESÚS delivered the opinion of the Court.

The employees of the defendant-appellee brought an action against the latter claiming compensation for the day of rest to which, according to them, they are entitled as stipulated in the Collective Agreements signed by the Union representing them and by the defendants. The claim covers the period from June 1, 1944 until the year 1947.

The contention of the claimants is that in June 1944 their Union and the defendant signed a Collective Agreement, the Sixth Clause of which provided that all permanent workers or employees of the establishment would be entitled to a day of rest at full salary for every six days of work from the date said agreement were signed. It further provided that in case the worker or employee worked on his day of rest, he would be paid pursuant to the wage rate fixed for extra employees; and that the collective agreements entered into during 1945 and 1946 maintained the right of the worker or employee to a day of rest at full salary.

The plaintiff employees received a weekly salary and pursuant to the above-mentioned agreements, they enjoyed their day of rest every week. The question to be decided is whether the salary corresponding to the day of rest was included in the weekly salary. The district court dismissed the complaint and the present appeal was taken from that decision.

There is no conflict as to the facts nor is there any claim for work performed on the day of rest. The question boils down to deciding whether when the employer paid them the amount stipulated as weekly salary, he paid for the day of rest which pursuant to the collective agreement should be paid. From an examination of the various collective agreements signed by this employer and the Union, it is self-evident that the salary which the workers or employees were to receive was fixed on the basis of a weekly rate, although the workers or employees were entitled to a day of rest. But the employees or workers maintain that inasmuch as pursuant to said agreements no worker or employee should work, nor would he be permitted to work, over six days a week, nor more than 48 hours a week, nor more than 8 hours in a single day, the salary received covered only the six days of work and that, consequently, the employer should add the salary corresponding to the day of rest to the amount fixed as weekly salary.

We think the plaintiffs are mistaken. The seven days of the week are included in the amount fixed as weekly salary, although the worker or employee pursuant to the collective agreements is entitled not to work during one day each week without the employer being able to deduct the salary corresponding to that day.

Were we to adopt the construction advanced by the plaintiffs, they would receive double salary for the day of rest and such was not the intention of the contracting parties.

In the case at bar the workers or employees, as we have noted, received the full weekly salary agreed upon without the salary corresponding to the day of rest on which they did not work having been deducted. Hence, they have no claim against their employer.

The judgment will be affirmed.